**Gary NAKAUCHI, Plaintiff—Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant—Appellee.**

No. 03–55622.
D.C. No. CV–02–04060–ABC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 2004.

Decided Dec. 22, 2004.

Stuart B. Esner, Andrew N. Chang, Esner & Chang, Los Angeles, CA, for Plaintiff–Appellant.

H. Bryan Card, Tustin, CA, Peter H. Klee, Luce Forward Hamilton & Scripps, San Diego, CA, for Defendant–Appellee.

Before BEEZER, HALL, and WARDLAW, Circuit Judges.

MEMORANDUM *

Gary Nakauchi appeals the district court's grant of summary judgment in favor of Allstate Insurance Company. Nakauchi claims that Allstate was obligated to defend him against a suit brought by his girlfriend for assault and battery. He contends that he was insured under his parents' homeowners policy, and that the policy's exclusions for criminal and intentional conduct should not apply because the attack was caused, in part, by his negligent mismanagement of his Prozac prescription. The district court held that all of his acts were excluded from coverage under either the criminal act or intentional act exclusions. The district court had diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. We have jurisdiction to review final orders of the district courts pursuant to 28 U.S.C. § 1291. We find that Nakauchi was not insured under his parents' policy and accordingly affirm the district court.

Because this suit was brought in a California state court and removed to federal court based on diversity of citizenship, Cal-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ifornia law applies. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163 (9th Cir.1995). The insurance contract stated that Allstate would defend any insured person sued for covered damages. Under California law, such a clause requires Allstate to defend an insured person if there is any potential for coverage in the underlying suit. *Montrose Chem. Corp. v.Super. Ct.*, 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1157 (1993). Although the duty to defend under California law is broad, it does not encompass the duty to defend persons who are not insured under the policy. *See Alex Robertson Co. v. Imperial Cas. & Indem. Co.*, 8 Cal.App.4th 338, 10 Cal.Rptr.2d 165, 168 (1992).

The policy defined "insured person" as the named insured and "any relative," "if a resident of your household." Nakauchi's parents were the only named insureds on the policy. Because Nakauchi lived separately from both parents in a different house, he did not reside in their "household." *See Kibbee v. Blue Ridge Ins. Co.*, 69 Cal.App.4th 53, 81 Cal.Rptr.2d 294, 299 (1999) (applying the "commonly accepted meaning of the terms 'resident' and 'residence' ").

The fact that Nakauchi lived in a house that his parents owned and insured does not change our result. California courts stress the importance of living together in order to form a household:

> [T]here are at least two aspects of a "household." First, a "household" includes family members and others, whether related or not, who live together under one head. Secondly, the persons live together, be it "in the same house" or "under one roof" or at least "within one curtilage."

*Jacobs v. Fire Ins. Exch.*, 227 Cal.App.3d 584, 278 Cal.Rptr. 52, 57 (1991) (collecting cases) (internal quotation marks omitted). Nakauchi's living situation is logically simi-lar to the arrangement in *Jacobs v. Fire Insurance Exchange. Id.* at 59. In *Jacobs*, the insured owned a duplex and lived in one half of the duplex. *Id.* at 53. The tortfeasor, who was a relative of the insured, lived in the other half of the duplex. *Id.* The court affirmed summary judgment for the insurance company and held that "[t]here is no evidence in this case from which a trier of fact could conclude that [the tortfeasor] belonged to [the insured's] household." *Id.* at 59.

We conclude that Nakauchi was not a resident of his parents' household. Because he was not a resident of his parents' household, he was not insured under their homeowners policy. Because he was not insured, Allstate had no duty to defend him, and summary judgment was appropriate.

**AFFIRMED.**